956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sylvia HULL, Plaintiff-Appellant,
v.
POSTMASTER GENERAL, et al., Defendants-Appellees.
 No. 88-6073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1992.*
Decided March 13, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sylvia Hull appeals from the dismissal of her Title VII employment action. The district court ruled that it lacked jurisdiction to consider her claim because the complaint was filed more than 30 days after Hull received the decision of the Office of Review and Appeals of the Equal Employment Opportunity Commission (EEOC).
 
 
 3
 Hull contends that the district court abused its discretion in dismissing this action. We affirm because the record shows that Hull failed to file her Title VII claim within the 30-day statute of limitations period. We also conclude that the record does not show that the limitations period was equitably tolled as the result of any wrongful conduct on the part of the Postmaster General or the EEOC.
 
 
 4
 * On August 31, 1984, Hull was terminated from her employment at the United States Postal Service (Postal Service) for unsatisfactory performance of her duties. On December 9, 1985, Hull filed an administrative complaint with the EEOC in which she alleged race and sex discrimination.
 
 
 5
 Hull received a hearing before an EEOC Complaints Examiner. The EEOC Complaints Examiner concluded that she failed to make a prima facie showing of sex or race discrimination. On November 22, 1985, the Postal Service adopted the EEOC Complaints Examiner's recommended decision. On April 13, 1987, the Office of Review and Appeals of the EEOC affirmed the final decision of the Postal Service.
 
 
 6
 A copy of the decision and a document entitled "Notice of Right to File A Civil Action" was delivered to Hull by certified mail on April 15, 1987. This notice states:
 
 
 7
 You are hereby notified that the attached decision in your case is final. You have the right to file a civil action in the appropriate United States District Court WITHIN THIRTY (30) DAYS from the date you receive this decision." (Emphasis in the original).
 
 
 8
 Hull alleged in an amended complaint filed in the district court on February 19, 1988, that she sent a letter to the district court on May 11, 1987. The record shows that Hull sent the letter to the EEOC in Washington D.C., and not to the District Court for the Central District of California.
 
 
 9
 The document is headed "United States District Court Civil Action". The text of the letter reads as follows:
 
 
 10
 Dear Sir,
 
 
 11
 I was refused the right to age as basis for my discrimination. At this time I'm officially requesting the U.S. District Court to appoint a lawyer to represent me. Due to lack of employment, I can't afford an attorney at this time.
 
 
 12
 Below the foregoing text, the one page document bears the signature "Sylvia Hull". This document was not filed in the District Court for the Central District of California until September 22, 1987.
 
 
 13
 The Postmaster General filed a motion to dismiss this action on the ground that Hull failed to file a complaint within 30 days of receipt of the final decision of the Office of Review and Appeals of the EEOC. On April 27, 1988, the district court dismissed this action for failure to file within the 30-days period of limitation.
 
 II
 
 14
 Hull contends that the letter she sent to the EEOC in Washington, D.C. should be construed as a complaint properly filed in the District Court for the Central District of California. We decline to do so.
 
 
 15
 The record shows that the complaint was not filed in the district court until September 22, 1987. This date was more than 30 days after Hull received notice of the decision of the Office of Review and Appeals of the EEOC. Thus, Hull's action was filed after the 30-day statute of limitation period for Title VII actions. 42 U.S.C. § 2000e-16(c).
 
 III
 
 16
 The district court ruled that it lacked jurisdiction to consider Hull's complaint because it was filed after the 30-day limitations period had expired. After the district court's judgment became final in this matter, the Supreme Court held that the statutory limitation period contained in section 2000e-16(c) is a statute of limitations, and not a jurisdictional bar. Irwin v. Veterans Admin.,--U.S.--, 111 S.Ct. 453, 456-57 (1990). Accordingly, the district court had jurisdiction over this matter, notwithstanding the expiration of the 30-day limitation period, if the record shows that the doctrine of equitable tolling is applicable.
 
 
 17
 The doctrine of equitable tolling is applicable only "where the claimant has actively pursued his [or her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. at 458. Hull did not file a defective pleading in the District Court for the Central District of California within the 30-day limitation period. Hull asserts that she mailed her letter dated May 11, 1987 to the EEOC's office in Washington, D.C. because the EEOC led "Plaintiff-Appellant to believe that she needed to file a Complaint addressed to the District Court but mailed to the E.E.O.C., Washington, D.C. office". Appellant's Opening Brief at pages 3-4.
 
 
 18
 Hull has failed to demonstrate that the Postmaster General, or any other government agent, tricked her into allowing the 30-day limitation period to pass.[1] As noted above, Hull was given written notice that she was required to file a complaint within 30 days "in the appropriate United States District Court." Because it is clear from the record that there is no basis for equitable tolling, we are not required to remand to the district court for an evidentiary hearing on this issue. See Irwin, 111 S.Ct. at 458 (the Court did not remand where there was no basis in the record for application of the doctrine of equitable tolling).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hull's argument that she was led to believe that she could file a claim for age discrimination is immaterial because, even if she were so led to believe, she did not file a claim based on age discrimination on time